UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADDAS SAADAT and ARMIN REA SAADAT, Individually and as Personal Representatives and Successor-in-Interest to the Estate of SARA SAADAT,<br><br>Plaintiffs,<br><br>v.<br><br>UKRAINE INTERNATIONAL AIRLINES,<br><br>Defendant. | Case No.: 3:22-cv-00014-H-JLB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>[Doc. No. 12.] |

On January 6, 2022, Plaintiffs Addas Saadat and Armin Rea Saadat (collectively, "Plaintiffs") filed a complaint against Defendant Ukraine International Airlines ("Defendant.") (Doc. No. 1.) On September 9, 2022, Plaintiffs filed a motion for an order permitting service by publication, which the Court granted on October 17, 2022. (Doc. Nos. 4, 7.) On April 26, 2023, Plaintiffs filed a request for entry of clerk default against Defendant. (Doc. No. 11.) On May 4, 2023, Defendant filed the present motion to dismiss. (Doc. No. 12.) On June 26, 2023, Plaintiffs filed their opposition to the motion to dismiss. (Doc. No. 15.) On July 17, 2023, Defendant filed its reply in support of Defendant's motion to dismiss. (Doc. No. 18.) For the reasons below, the Court grants Defendant's

motion to dismiss.

## BACKGROUND

On January 6, 2022, Plaintiffs Addas Saadat and Armin Rea Saadat ("Plaintiffs") filed a complaint against Defendant Ukraine International Airlines ("Defendant"). (Doc. No. 1.) Plaintiffs allege that on or about January 8, 2020, Defendant operated a Boeing 737-800 flight from Khomeini International Airport in Tehran, Iran to Boryspil International Airport in Kyiv, Ukraine. (Doc. No. 1.) The decedent, Sara Saadat, was a passenger onboard this flight. (Doc. No. 1.) Sara Saadat was a clinical psychology student at Alliant International University in San Diego, California at the time of the accident. (Doc. No. 1.) On or about January 8, 2020, Sara Saadat was ticketed to land in Kyiv, Ukraine where she was to connect with another flight operated by Defendant to Toronto, Canada and then on to Edmonton, Canada. (Doc. No. 1.) Plaintiffs allege that on or about January 8, 2020, Sara Saadat was on her way to her final destination of San Diego, California and that Sara Saadat began her round-trip travels in San Diego, California. (Doc. No. 1.) While the decedent was onboard the flight, approximately three minutes after taking off from Tehran, Iran, the aircraft was struck by two surface-to-air missiles. (Doc. No. 1.)

In the days leading up the crash, Iran and other nations were openly engaged in acts of aggression. (Doc. No. 1.) On January 8, 2020, at 2 a.m. local time, Iran launched a series of ballistic missiles which struck two Iraqi bases housing U.S. troops. (Doc. No. 1.) An hour and a half later, at 3:37 a.m. local time, the U.S. Federal Aviation Administration issued an Emergency Order NOTAM which prohibited all U.S. operators from flying over the airspace of Iran "due to heightened Military activities and increased political tensions in the Middle East, which present an inadvertent risk to U.S. civil aviation operations due to the potential for miscalculation or mis-identification." (Doc. No. 1.) Although this emergency order was only binding on U.S. air carriers and commercial operators, it was immediately available to all air carriers, including Defendant. (Doc. No. 1.) Plaintiffs allege that Defendant knew or should have known about the emergency order and should

have had updated risk assessments for their flight as a result. (Doc. No. 1.)

Despite the F.A.A. order, Defendant dispatched the flight for take-off from Tehran, Iran to Kyiv, Ukraine on January 8, 2020. (Doc. No. 1.) As a result of the missile strike, the plane crashed just minutes after taking off from the airport in Iran, and Sara Saadat, along with all the other passengers, passed away. (Doc. No. 1.)

## DISCUSSION

### I. Legal Standards

Defendant argues that the Court should dismiss this complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5) on the grounds of lack of personal jurisdiction and insufficient service of process. (Doc. No. 12 at 5.) Defendant also argues that the Court should dismiss the complaint on the grounds of lack of subject matter jurisdiction and *forum non conveniens*. (Doc. No. 12 at 6.)

#### a. Legal Standards for *Forum Non Conveniens*

"A defendant invoking forum non conveniens ordinarily bears a heavy burden in opposing the plaintiff's chosen forum." Sinochem Intern. Co. Ltd. V. Malaysia Intern. Shipping Corp., 549 U.S. 422, 430 (2007). "To prevail on a motion to dismiss based upon forum non conveniens, a defendant bears the burden of demonstrating an adequate alternative forum, and that the balance of private and public interest factors favors dismissal." Carijano v. Occidental Petroleum Corp., 643 F.3d 1216, 1224 (9th Cir. 2011). "The forum non conveniens determination is committed to the sound discretion of the trial court." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 257 (1981).

#### b. Legal Standards for 12(b)(1) Motion to Dismiss

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Under Federal Rule of Civil Procedure 12(b)(1), a complaint may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Rule 12(b)(1) jurisdictional attacks can be either facial or factual." White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal

jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." <u>Safe Air for Everyone v. Meyer</u>, 373 F.3d 1035, 1039 (9th Cir. 2004).

Federal district courts can only adjudicate cases "arising under the Constitution, laws, or treaties of the United States." <u>Mims v. Arrow Financial Services, LLC</u>, 565 U.S. 368, 376-77 (2012). The Montreal Convention "provides the exclusive remedy for international passengers seeking damages against airline carriers." <u>Narayanan v. British Airways</u>, 747 F.3d 1125, 1127 (9th Cir. 2014). Where there is no jurisdiction under the terms of the Montreal Convention, there is not federal subject matter jurisdiction under 28 U.S.C. Section 1331(a). <u>See</u> <u>Sopcak v. N. Mountain Helicopter Serv.</u>, 52 F.3d 817, 818-19 (9th Cir. 1995).

### c. Legal Standards for 12(b)(2) Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(2), a complaint may be dismissed for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). "Personal jurisdiction over a nonresident defendant is tested by a two-part analysis. First, the exercise of jurisdiction must satisfy the requirements of the applicable state long-arm statute. Second, the exercise of jurisdiction must comport with federal due process." <u>Dow Chemical Co. v. Calderon</u>, 422 F.3d 827, 830 (9th Cir. 2005) (quoting <u>Chan v. Society Expeditions</u>, 39 F.3d 1398, 1404-05 (9th Cir. 1994)). California's long-arm statute permits a court to "exercise jurisdiction on any basis not inconsistent with the Constitution of [California] or of the United States." Cal. Civ. Proc. Code § 410.10. Thus, California's long-arm statute permits courts to exercise personal jurisdiction within the limits of due process. <u>Daimler AG v. Bauman</u>, 571 U.S. 117, 125 (2014).

"For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" <u>Schwarzenegger v. Fred Martin Motor Co.</u>, 374 F.3d 797, 801 (9th Cir. 2004) (quoting <u>International Shoe Co. v. Washington</u>, 326 U.S. 210, 216 (1945)). There are two

bases for exercising personal jurisdiction over a non-resident defendant: (1) general personal jurisdiction, and (2) specific personal jurisdiction.

"For a court to exercise general personal jurisdiction over a defendant corporation, the defendant's contacts with the forum state must be 'so continuous and systematic as to render [it] essentially at home in the forum state.'" Yamashita v. LG Chem, Ltd., 62 F.4th 496, 503 (9th Cir. 2023) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)).  In general, a corporation is "at home" such that personal jurisdiction exists in its "place of incorporation and principal place of business." Daimler AG v. Bauman, 571 U.S. 117, 118 (2014).

The Ninth Circuit employs a three-part test for determining specific personal jurisdiction.  A defendant is subject to specific personal jurisdiction in a particular state if "(1) the defendant performed an act or consummated a transaction by which it purposely directed its activity toward the forum state; (2) the claims arose out of defendant's forum-related activities; and (3) the exercise of personal jurisdiction is reasonable." San Diego County Credit Union v. Citizens Equity First Credit Union, 65 F.4th 1012, 1034-35 (9th Cir. 2023).

The plaintiff bears the burden of establishing personal jurisdiction. Martinez v. Aero Caribbean, 764 F.3d 1062, 1066 (9th Cir. 2014).  "[T]he plaintiff need only make a prima facie showing of jurisdictional facts." Glob. Commodities Trading Grp. V. Beneficio de Arroz Choloma, S.A., 972 F.3d 1101, 1106 (9th Cir. 2020).

### d. Legal Standards for 12(b)(5) Motion to Dismiss

This Court lacks jurisdiction over defendants who have not been properly served in accordance with Federal Rule of Civil Procedure 4. S.E.C. v. Ross, 504 F.3d 1130, 1138 (9th Cir. 2007).  Rule 12(b)(5) of the Federal Rules of Civil Procedure permits a court to dismiss an action for insufficient service of process.  Fed. R. Civ. P. 12(b)(5).  The burden is on the plaintiff to prove that service was valid under Rule 4. Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004).

/ / /

## II. Analysis

### a. *Forum Non Conveniens*

Defendant argues that this action should be dismissed on the grounds of *forum non conveniens*. (Doc. No. 12 at 22.) Defendant asserts that Canada, where two actions related to the decedent for the same accident are currently pending, is an available and adequate forum and that the private and public interest factors favor dismissal. (Doc. No. 12 at 22-23); see Carijano, 643 F.3d at 1224. In response, Plaintiffs do not dispute that "Canada has courts which undoubtedly can handle such cases and dispense justice." (Doc. No. 15 at 14-15.) Instead, Plaintiffs assert that Defendant is not arguing whether Canada has courts that can handle such cases, but rather, that Defendant is arguing that it can be served, or will accept service, in Canada. (Doc. No. 15 at 14-15.) The Court disagrees. Defendant first argues that Canada is an available and adequate forum and then states that "to the extent Plaintiffs believe a third action for decedent's death needs to be commenced in Canada, UIA Canadian counsel will accept service of process on behalf of UIA." (Doc. No. 12 at 22-23.)

Plaintiffs, in their opposition, do not argue that Canada is not an adequate alternative forum. Nor do Plaintiffs argue that the balance of private and public interest factors favor dismissal. Instead, Plaintiffs merely assert that the decedent does not need a liability trial, as "her case is ready for and deserves a damages trial here" and that the decedent's damages evidence is in San Diego. (Doc. No. 15 at 15.) Plaintiffs are incorrect that the decedent's case is ready for a damages trial in this Court. The Clerk of Court has yet to enter default against the Defendant in this case. (Doc. No. 11.) Further, it is longstanding Ninth Circuit policy that as a general rule, "default judgments are ordinarily disfavored" and "[c]ases should be decided upon their merits whenever reasonably possible." NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 616 (9th Cir. 2016) (quoting Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986)).

With this in mind, the Court first considers whether Canada is an adequate alternative forum. "An alternative forum is deemed adequate if: (1) the defendant is

amenable to process there; and (2) the other jurisdiction offers a satisfactory remedy." Id. at 1225 (citing Piper, 454 U.S. at 254 n. 22.)  Whether an alternative forum offers a satisfactory remedy is a relatively low bar.  The Ninth Circuit and Supreme Court have made clear that "a foreign forum will be deemed adequate unless it offers no practical remedy for the plaintiff's complained of wrong."  Lueck v. Sundstrand Corp., 236 F.3d 1137, 1144 (9th Cir. 2001) (citing Piper, 454 U.S. at 250, 254 n.22.). It is undisputed that Canada offers a satisfactory remedy for Plaintiffs.  Indeed, Plaintiffs, in their opposition to Defendant's motion to dismiss, state that "[t]here is no question Canada has courts which undoubtedly can handle such cases and dispense justice."  (Doc. No. 15 at 14-15.)  It is also clear that the Defendant is amenable to process in Canada.  There are already 100 actions related to this incident pending in Canada, including two actions related to this decedent. (Doc. No. 12-2, Hunter Decl.; Exh. B, Choupennejad Statement of Claim; Exh. C, Hakimi Statement of Claim.)  Further, Defendant has explicitly stated that to the extent Plaintiffs want to commence a third action in Canada, Defendant will accept service in Canada. (Doc. No. 12 at 23.)  The Court concludes that Canada is an adequate, alternative forum.

Having determined that Canada is an adequate, alternative forum, the Court must now balance the private and public interest factors. See Carijano, 643 F.3d at 1224. "There is ordinarily a strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum." Piper, 454 U.S. at 255.  The strong presumption in favor of a plaintiff's choice of forum is lessened for foreign plaintiffs.  See Carijano, 643 F.3d at 1227.  Here, the decedent was a Canadian citizen who was living in San Diego, California while completing her doctoral program.  (Doc. No. 12-2, Hunter Decl.; Exh. E, Saadat Passport).  Plaintiffs have not provided any evidence that the decedent was a legal permanent resident in the United States, nor that she was a citizen of the United States. Keeping in mind that although Plaintiffs are not entitled to a strong presumption in favor of the plaintiffs' forum, "less deference is not the same thing as no deference." Ravelo

Monegro v. Rosa, 211 F.3d 509, 514 (9th Cir. 2000).  Recognizing this, the Court considers the private and public interest factors.

The private interest factors favor dismissal.  The private interest factors include "(1) relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of hostile witnesses, and cost of obtaining attendance of willing witnesses; (3) possibility of viewing subject premises; and (4) all other factors that render trial of the case expeditious and inexpensive."  Ranza v. Nike, Inc., 793 F.3d 1059, 1078 (9th Cir. 2015) (quoting Loya v. Starwood Hotels & Resorts Worldwide, Inc., 583 F.3d 656, 664 (9th Cir. 2009)).  Defendant Ukraine International Airlines is headquartered in and has its principal place of business in Ukraine.  (Doc. No. 12-1, Kabolina Decl.)  However, because of the 100 pending actions in Toronto, Canada, discovery in Canada has been ongoing for months.  (Doc. No. 12-1, Hunter Decl.)  Relevant witnesses and physical evidence related to liability are located outside of the United States.  On the contrary, no evidence or sources of proof as to Defendant's liability is in California.  Defendant does not operate any flights to or from the state of California and Defendant has no physical presence in the state of California.  (Doc. No. 12-1, Kabolina Decl.)

Finally, the public interest factors favor dismissal.  The public interest factors include "(1) administrative difficulties flowing from court congestion; (2) imposition of jury duty on the people of a community that has no relation to the litigation; (3) local interest in having localized controversies decided at home; (4) the interest in having a diversity case tried in a forum familiar with the law that governs the action; [and] (5) the avoidance of unnecessary problems in conflicts of law."  Ranza, 793 F.3d at 1078 (quoting Loya, 583 F.3d at 664).  Here, related cases are already pending before the courts in Canada, and a trial on liability is scheduled for November 2023.  (Doc. No. 12-2, Hunter Decl.)  The courts in Canada will almost certainly reach a verdict on the claims pending in Canada before any court in the United States would be able to litigate the merits of this action.  As the Ninth Circuit concluded in Ranza, "the United States' interest is significantly diminished here because the district court would be relitigating claims already

decided in a foreign proceeding." 793 F.3d at 1079.  This controversy is far from localized in San Diego – the crash involved a Defendant headquartered in the Ukraine and an injury that occurred on a flight between Iran and Ukraine.  Accordingly, because the Court concludes that Canada is an adequate alternative forum and the private and public interest factors favor dismissal, the Court grants Defendant's motion to dismiss on the basis of forum non conveniens.

### b. Subject Matter Jurisdiction

Defendant argues that this Court does not have subject matter jurisdiction to hear this claim under Article 33 of the Montreal Convention.  (Doc. No. 12 at 18-22.)  The Montreal Convention, which was signed in 1999 and entered into force in November 2003, governs the "international carriage of persons, baggage or cargo performed by aircraft for reward." Montreal Convention, art. 1(1).  The Montreal Convention establishes a system for passenger claims, including personal injury and wrongful death, arising out of an airline accident.  Montreal Convention, arts. 17-19.  The Montreal Convention "provides the exclusive remedy for international passengers seeking damages against airline carriers." Narayanan v. British Airways, 747 F.3d 1125, 1127 (9th Cir. 2014).  "'Questions of jurisdiction and procedure . . . are governed by Article 28' of the Warsaw Convention and Article 33 of the Montreal Convention." Wendelberger v. Deutsche Lufthansa AG, No. 18-cv-01055-PJH, 2018 WL 2387858, at *3 (N.D. Cal. May 25, 2018) (quoting Hosaka v. United Airlines, Inc., 305 F.3d 989, 994-96 (9th Cir. 2002)).  Because Article 33 of the Montreal Convention was adopted from Article 28 of the Warsaw Convention, "in interpreting the Montreal Convention, courts have routinely relied upon Warsaw Convention precedent where the equivalent provision in the Montreal Convention is substantively the same." Narayanan, 747 F.3d at 1127 n.2.  Where there is not jurisdiction under the terms of the Montreal Convention, there is not federal subject matter jurisdiction under 28 U.S.C. Section 1331(a).  See Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818-19 (9th Cir. 1995) (affirming dismissal of a claim under the Warsaw Convention for "lack of subject matter jurisdiction" where "plaintiffs had failed to allege subject matter

jurisdiction under Article 28(1)"); see also Hornsby v. Lufthansa German Airlines, 593 F. Supp. 2d 1132, 1135-36 (C.D. Cal. Jan. 6, 2009) ("Under the terms of the [Montreal] Convention, this remedy can be pursued only in certain jurisdictions; if the United States is not one of these jurisdictions under the particular facts of this case, than this Court does not have treaty jurisdiction, and must dismiss the matter for lack of subject matter jurisdiction.")

Under Article 33 of the Montreal Convention, a passenger injured on an international flight must bring an action for damages in one of the following five places: "(1) where the carrier has its domicile; (2) where the carrier has its principal place of business; (3) where [the carrier] has a place of business through which the contract has been made; (4) at the place of destination; or (5) in the territory of a State Party in which at the time of the accident the passenger has his or her principal and permanent residence (so long as the carrier operates services to/from – and conducts business from leased or owned premises in – such territory.)" Motlagh v. Qatar Airways, Q.C.S.C., 445 F. Supp. 3d 852, 855-56 (S.D. Cal. Apr. 3, 2020) (internal quotation marks omitted); see also Montreal Convention, art. 33(1)-(3).  Plaintiffs argue that this Court has jurisdiction under the Montreal Convention because San Diego was the decedent's place of destination. (Doc. No. 15 at 12.)  Defendant argues that Plaintiffs have failed to provide sufficient evidence to establish that the United States was the decedent's destination for purposes of Article 33 of the Montreal Convention, and thus, this Court lacks subject matter jurisdiction over the present matter.  (Doc. No. 18 at 9-10.)

Under the Montreal Convention, as under the Warsaw Convention, there can "only be one destination" and "intermediate stops on trips are to be construed as agreed stopping places that do not disturb that final destination." Coyle v. P.T. Garuda Indonesia, 363 F.3d 979, 991 (9th Cir. 2004).  Under Article 33, the place of destination is determined by the "intention of the parties as expressed in the contract of transportation, i.e., the ticket or other instrument." Sopcak v. Northern Mountain Helicopter Service, 52 F.3d 817, 819 (9th Cir. 1995).  "Such contracts should be interpreted according to the objective, rather than

the subjective, intent of the parties." Id. Although "a passenger's intent is accorded considerable weight in ascertaining the final destination, '[w]hen a contract is unambiguous, the instrument alone is taken the express the intent of the parties.'" Id. (quoting Swaminathan v. Swiss Air Transport Co., 962 F.2d 387, 389 (5th Cir. 1992)). Courts in the Ninth Circuit have expressly considered whether tickets were purchased at the same time and place in determining whether the parties intended "a single operation of undivided transportation." Petrire v. Spantax, S.A., 756 F.2d 263, 266 (2d Cir. 1985). See e.g., In re Air Crash at San Francisco, California, on July 6, 2013, No. 14-cv-02038, 2017 WL 3484643 (N.D. Cal. Aug. 14, 2017) (concluding that the purchased tickets were part of a "single operation of undivided operation transportation" in part because the plaintiffs purchased their tickets at the same time and place and the tickets bear sequential numbers). In determining whether there was a single undivided operation, "one party's unilateral expectation that a domestic flight is part of a single international trip is not enough to convert that expectation into a reality." Kruger v. United Air Lines, Inc., No. C-06-04907-MHP, 2007 WL 3232443, at *5 (N.D. Cal. Nov. 1, 2007) (quoting Lemly v. Trans World Airlines, Inc., No. 85-cv-7043-MJL, 1986 WL 5107, at *1 (S.D.N.Y. Apr. 29, 1986) aff'd 807 F.2d 26 (2d Cir. 1986)).

Here, the evidence presented by Defendant demonstrates that the decedent had purchased a round-trip ticket from Edmonton, Canada to Tehran, Iran, with stops in Toronto, Canada and Kiev, Ukraine. (Exh. A, PNR of Sara Saadat). Plaintiffs have submitted two affidavits from their attorneys stating that the decedent intended to travel to San Diego following her arrival in Edmonton, Canada. (Doc. No. 15-1, Schiavo Decl.; Doc. No. 15-2, Genova Decl.) Despite these affidavits, Plaintiffs have submitted no evidence demonstrating that these flights were part of one larger itinerary connected to San Diego. Plaintiffs have not proffered evidence demonstrating that the decedent purchased her round-trip tickets from San Diego to Edmonton at the same time and place as her round-trip tickets from Edmonton to Tehran. Plaintiffs' flights to and from San Diego are not reflected on the itinerary from Edmonton, Canada to Tehran, Iran. Thus, the clear

"intention of the parties as expressed in the contract of transportation" suggests that the incident occurred while the decedent was travelling round-trip between Edmonton, Canada and Tehran, Iran. See Sopcak, 52 F.3d at 819.

The Ninth Circuit's decision in Coyle is instructive. In Coyle, plaintiffs were residents of Oregon who decided to visit Indonesia. 363 F.3d at 982. While in Indonesia, Plaintiffs purchased two tickets for a round-trip flight from Jakara, Indonesia to Medan, Indonesia aboard Flight 152. Id. While plaintiffs were aboard, Flight 152 crashed into the side of a mountain, and all passengers died. Id. Plaintiffs' estate filed suit in the United States District Court for the District of Oregon. Id. at 983. The Ninth Circuit concluded that the federal courts lacked subject matter jurisdiction to hear this case because the objective evidence presented demonstrates that "the [plaintiffs'] flight to Medan was a side-trip, unconnected to their larger international itinerary." Id. at 993-94. The Ninth Circuit noted that they "do not doubt the [plaintiffs'] desire to return to their Oregon home at the end of their vacation" recognizing that "the final destination of their international trip was Portland." Id. at 991. Nonetheless, the court emphasized that "the crux of this litigation is whether Flight 152 *was a part of* that larger international trip for purposes of the Warsaw Convention – whether it was a component of "one undivided transportation . . . regarded by the parties as a single operation . . ." Id. Here, Plaintiffs have not provided any evidence to suggest that the flight from Edmonton to Tehran was part of a "single operation of undivided transportation" between San Diego and Tehran, rather than a "side-trip" unconnected to her trip to visit Edmonton from San Diego. Accordingly, because jurisdiction is not proper in this Court under the Montreal Convention, this Court lacks subject matter jurisdiction over the claims.

**c. Personal Jurisdiction**

Defendant also argues that the Court lacks personal jurisdiction over Plaintiffs. (Doc. No. 12 at 15-17.) Plaintiffs, in their opposition, do not address whether or not this Court has personal jurisdiction over the Defendant. "In opposition to a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing

that jurisdiction is proper." Boschetto v. Hansing, 539 F.3d 1011, 1015 (9th Cir. 2008). Because Plaintiffs fail to address whether this Court has personal jurisdiction, the Court concludes that Plaintiffs have failed to meet their burden of establishing personal jurisdiction. Nonetheless, the Court concludes that Defendant is not subject to personal jurisdiction in this Court.

Plaintiffs fail to establish that this Court has general jurisdiction over Defendant. "With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction." Daimler AG v. Bauman, 671 U.S. 117, 137 (2014). Here, Defendant Ukraine International Airlines has its place of incorporation and principal place of business in Ukraine. Defendant has no offices in California and operates no flights to and from California, such that it could be considered "at home" in California. The Court does not have general jurisdiction over Defendant.

The Court next considers whether there is specific personal jurisdiction over Defendant. A defendant is subject to specific personal jurisdiction in a particular state if "(1) the defendant performed an act or consummated a transaction by which it purposely directed its activity toward the forum state; (2) the claims arose out of defendant's forum-related activities; and (3) the exercise of personal jurisdiction is reasonable." San Diego County Credit Union v. Citizens Equity First Credit Union, 65 F.4th 1012, 1034-35 (9th Cir. 2023). The activity in issue here – the missile strike – occurred on a flight between Iran and Ukraine. The evidence shows that the decedent on this flight booked a roundtrip ticket between Edmonton, Canada and Tehran, Iran, with stops in Toronto, Canada and Kiev, Ukraine. The fact that the decedent was attending school in San Diego, California, is insufficient to confer specific personal jurisdiction upon Defendant for this claim. Defendant does not operate flights to and from California, maintain offices in California, or have employees in California. Defendant did not at the time of the missile strike and does not at the present moment have any minimum contacts with California. Accordingly, the Court concludes that it lacks personal jurisdiction over Defendant in this action.

/ / /

### d. Service of Process

Defendant argues that Plaintiffs failed to properly serve Defendant and moves for dismissal on the basis of insufficient service of process. (Doc. No. 12 at 7-15.) This Court, on October 17, 2022, issued an order granting service by publication. (Doc. No. 7.) In that order, this Court explained that service by publication is permitted under Fed. R. Civ. P. 4(f)(3) "so long as it is both ordered by the court and not prohibited by an international agreement." (Doc. No. 7.) The Court found no language in the Hague Convention that would prohibit service by publication and other courts in this circuit have found the same. See, e.g., Indep. Film Dev. Corp. v. Junior Cap. Inc., No. cv-13-00259-BRO-RNB, 2015 WL 12778352, at *3 (C.D. Cal. July 9, 2015). Accordingly, this Court concludes that service by publication was permissible and denies Defendant's motion to dismiss on the basis of insufficient service of process.

### CONCLUSION

The Court grants Defendant's motion to dismiss on the basis of *forum non conveniens*, and due to a lack of personal jurisdiction and subject matter jurisdiction. Because this Court cannot assert subject matter jurisdiction over the case based on any modified complaint Plaintiffs may file, the Court dismisses the case with prejudice. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

DATED: August 21, 2023

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT